

Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

**SOZI TULANTE**
*Partner*

sozi.tulante@dechert.com
+1 215 994 2020  Direct
+1 215 994 2222  Fax

August 19, 2025

**VIA E-MAIL**

The Honorable Kelley B. Hodge
United States District Court for the Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 15614
Philadelphia, PA 19106

Re:  *Baker, et al. v. Angeion Group, LLC, et al.*, No. 2:25-cv-02079-KBH

Dear Judge Hodge:

      We write on behalf of our client, Defendant JND Legal Administration ("JND"), in the above-referenced matter regarding a proposed stipulation between JND, Angeion Group LLC, Blackhawk Network Holdings, Inc., Digital Settlement Technologies LLC, Epiq Systems, Inc., Kroll Settlement Administration LLC, The Huntington National Bank, Tremendous LLC and Western Alliance Bank (collectively, "Defendants") and Plaintiffs Tyler Baker and Lauren Wolf (collectively, "Plaintiffs").  Specifically, in accordance with Rule II.D of this Court's Judicial Policies & Procedures, Plaintiffs and Defendants (collectively, the "Parties") jointly and respectfully request the Court stay this case pending the Judicial Panel on Multidistrict Litigation's ("JPML") ruling on Plaintiffs' pending motion to transfer.[1]

      On August 13, 2025, Plaintiffs filed a motion before the JPML seeking to transfer all pending (and any yet-to-be filed) cases involving at least some Defendants arising from the same set of allegations and stating the same or similar claims as those set forth in their First Amended Complaint ("FAC") for coordinated or consolidated pretrial proceedings (the "JPML Motion").  *See In re: Class Action Settlement Admin. Lit.*, MDL No. 3162 (J.P.M.L., Aug. 13, 2025), ECF No. 1.  The JPML Motion seeks consolidation of the present action with four actions pending in three other federal district courts: (1) *Whalen, et al., v.*

---

[1]  In accordance with Rule II. D of this Court's Judicial Policies & Procedures, the Parties respectfully request this stay more than two business days before Defendants' September 5, 2025 deadline to answer, move to dismiss, or otherwise respond to the First Amended Complaint.



*Epiq Systems, Inc., et al.*, No. 25-4522 (N.D. Cal.) (filed May 28, 2025); (2) *Whalen v. Epiq Systems Inc., et al.*, No. 25-4499 (S.D.N.Y.) (filed May 29, 2025); (3) *Tejon v. Epiq Systems, Inc., et al.*, No. 25- 22453 (S.D. Fla.) (filed May 29, 2025); and (4) *Rieger v. Epiq Systems, Inc., et al.*, No. 3:25-4793 (N.D. Cal.) (filed June 5, 2025) (collectively, the "Related Actions").

The JPML may decide to consolidate this case with the Related Actions, either in this Court or another district court. As this Court recently recognized, it would be inefficient for Defendants to answer, move to dismiss, or otherwise respond to the FAC, and the Court to decide those motions, before the JPML reaches a decision. *See Sullivan v. Meta Platforms, Inc.*, Case No. 25-0456 (E.D. Pa. May 29, 2025) (Hodge, J.), ECF No. 34 at 2 n.1 ("It would be a waste of judicial resources for this Court to consider the merits of the motions in this action while the JPML is considering whether transfer and centralization is appropriate."). If the cases are transferred to another district, this Court will not need to rule on any motion(s) to dismiss. If the cases are transferred to this Court, Plaintiffs may file an amended complaint. Rather than burden the Court with motion practice that may become moot through the JPML's decision, the Parties respectfully request that the deadlines in this case be stayed pending the JPML's decision.

The Court has discretion to stay this case pending resolution of the JPML motion. *See Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) (holding that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, courts routinely stay cases pending a motion to transfer or consolidate before the JPML given the benefits of preserving judicial resources. *See e.g.*, *Kane v. McGraw-Hill Companies, Inc.*, No. 13-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); *City of New Castle v. Purdue Pharma L.P.*, No. 18-1472, 2018 WL 3438841, at *2 (E.D. Pa. July 16, 2018) (noting that "the general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case").[2] Moreover, the Parties expect the requested stay will be brief. The JPML has an

---

[2] *See also e.g.*, *City of Phila. v. Kidde Fenwal, Inc.*, 2023 WL 1805199, at *3 (E.D. Pa. Feb. 7, 2023) (granting stay pending JPML transfer decision); *Seegott Holdings, Inc. v. Bayer AG*, No. 4-5850, 2005 WL 8131922, at *1 (D.N.J. May 13, 2005) (same); *Cirulli*



established hearing schedule and generally issues a decision within a matter of weeks of any argument related to motions before it. *See Kidde Fenwal, Inc.,* 2023 WL 1805199, at *2-3 ("The JPML is typically prompt in determining whether to transfer a matter."). Staying this case pending the JPML's decision will not prevent the speedy resolution of this matter.

The Parties have conferred and agree that judicial economy, efficiency, and the interests of justice would be served by staying all operative deadlines in this case. The Parties also jointly request the Court modify the deadline for the Defendants to answer, move to dismiss, or otherwise respond as follows: (1) if the JPML grants Plaintiffs' JPML Motion, and the matter is consolidated before this Court, Defendants' will have fifty (50) days after the filing of a consolidated complaint to answer or otherwise respond to the consolidated complaint; and (2) if the JPML denies Plaintiffs' JPML Motion, Defendants' will have thirty-five (35) days from the date of the JPML's order denying the motion to respond to the FAC.

For the reasons above, the Parties respectfully request that this Court approve and so order the proposed stipulation staying proceedings in this case.

Respectfully submitted,

*/s/ Sozi Tulante*

Sozi Tulante

cc: Counsel for Stipulating Parties via email (with proposed stipulation and order)

---

*v. Bausch & Lomb, Inc.*, No. 8-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (same); *Sevilla v. Boston Scientific, Inc.*, No. 13-4910, 2013 WL 6179185, at *1 (E.D. Pa. Nov. 26, 2013) (same).